**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUSTAVO GONZALEZ and WILLIAM KANE, individually and on behalf of all others similarly situated<br><br>                    Plaintiffs,<br>v.<br><br>800-FLOWERS, INC., D/B/A 1-800-FLOWERS.COM, HARRY & DAVID, PERSONALIZATION MALL, SHARI'S BERRIES, 1-800-BASKETS.COM, SIMPLY CHOCOLATE, FRUIT BOUQUETS.COM, CHERYL'S COOKIES, THE POPCORN FACTORY, WOLFERMAN'S BAKERY, and VITAL CHOICE,<br><br>                    Defendant. | Case No.   2:24-cv-08894-NJC<br><br>**DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE** |

I, Elliot Jackson, declare under penalty of perjury, pursuant to 28 U.S.C. §1746 and based on my own personal knowledge, that the following statements are true:

1.      I am an attorney at Hedin LLP and participated in the investigation of the above-captioned case. I am a member in good standing of the New York and Florida bars.

2.      I submit this declaration in response to the Order to Show Cause (January 3, 2025) wherein the Court *sua sponte* required the submission of a declaration from counsel to establish the Court's subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d).

3.      The *sua sponte* order to show cause raised three issues related to the Court's CAFA jurisdiction: (1) the complaint's numerosity allegations; (2) the $5,000,000 amount in controversy threshold; and (3) CAFA's minimal diversity requirement.

4.        Plaintiffs have elected to file a First Amended Complaint, which filing Defendant does not oppose. *See* Fed. R. Civ. P. 15(a)(2). The forthcoming First Amended Complaint includes additional allegations directed at each of these.

5.        With respect to numerosity, the proposed First Amended Complaint alleges that there are "hundreds of thousands" of class members nationwide. This allegation is based, in part, on information obtained by counsel through their representation of a preliminarily approved settlement class in *Anayancy Paiz, et. al. v. 800-Flowers, Inc.*, 2:23-cv-07441-AB-PVC.[1] *Paiz* includes materially similar allegations concerning the Defendant's same Celebrations Passport product, and alleges Defendant identically violated California's Autorenewal Law, Cal. Bus. & Prof. Code § 17600, *et seq*. – which has the same substantive requirements as the New York Automatic Renewal Law at issue here. The *Paiz* court has preliminarily approved a settlement class defined as

> "All Persons who purchased Celebrations Passport in California on or after September 7, 2019, through May 31, 2022, and who incurred at least one automatic renewal charge for Celebrations Passport that was not fully refunded." *Paiz*, ECF No. 58 at 2.

The Defendant's records in that case confirmed there were approximately 112,000 members of the settlement class in the *Paiz* case. ECF No. 55-1 at 2. Based on the fact that the *Paiz* case is limited to California consumers, there are likely close to one-million members in the nationwide class proposed in the proposed FAC.[2]

6.        With respect to CAFA's requirement that the amount-in-controversy exceed $5,000,000, the damages easily exceed $5,000,000. Under the New York ARL "In any case in

---

[1]      The final approval and fairness hearing in the *Paiz* case is set for January 31, 2025.

[2]      The population of the State of California in 2024 is 39.4 million, which accounts for 11.5% of the population of the United States. *See* https://www.census.gov/popclock (last accessed January 15, 2025).

which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer[.]" N.Y. Gen. Bus. Law § 527-a(6). Thus, for the purposes of assessing CAFA jurisdiction the amount at issue per Plaintiff and per class members is $29.99, or more, the amount each Plaintiff paid for the Celebrations Passport in an annual autorenewal fee assessed without their consent. The Court's Order to Show cause framed damages as $10 per class member – the difference between the $19.99 price advertised and the price of annual renewal. However, the proposed FAC makes clear that, under the statute, Plaintiffs and the class members are entitled to recoup the entire value of monies automatically charged without their consent, which is at least $29.99 in every case. Assuming there are approximately 970,000 class members (based on the number of members of the California-only *Paiz* Settlement Class), the amount of the aggregate claims at issue exceeds $29,000,000.

  **7.** Finally, the proposed FAC shows that CAFA's minimal diversity requirement is satisfied. Plaintiffs Gonzalez and Kane are citizens of New York and Tennessee, respectively. The proposed FAC alleges citizenship rather than residency and includes allegations that each Plaintiff has continually lived in, worked in, paid taxes in, voted in, and undertaken essential life services (healthcare, banking, driver's license, car registration, and the like) in New York and Tennessee respectively.

I declare, under penalty of perjury, pursuant to the laws of the United States of America that the foregoing is true and correct.

  Executed this 17th day of January 2025, in Miami, Florida.

                /s/ *Elliot O. Jackson*
                Elliot O. Jackson