**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TIFFANY BRUNDAGE and ANNA GARR, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>800-FLOWERS, INC., D/B/A 1-800-FLOWERS.COM, HARRY & DAVID, PERSONALIZATION MALL, SHARI'S BERRIES, 1-800-BASKETS.COM, SIMPLY CHOCOLATE, FRUIT BOUQUETS.COM, CHERYL'S COOKIES, THE POPCORN FACTORY, WOLFERMAN'S BAKERY, and VITAL CHOICE,<br><br>　　　　　　Defendant. | Case No. 2:24-cv-08894-SJB-JMW<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL** |

Plaintiffs Tiffany Brundage and Anna Garr, individually and on behalf of all others similarly situated, complain and allege as follows based on personal knowledge as to themselves, on the investigation of their counsel, and on information and belief as to all other matters.

## NATURE OF THE ACTION

1. Plaintiffs bring this Second Amended Class Action Complaint against 800-Flowers, Inc. ("Defendant") for engaging in an illegal "automatic renewal" scheme with respect to its Celebrations Passport product, which Defendant sells on its network of websites and through other channels, including its telephone lines.[1] Defendant is a retailer of flowers and gifts. Defendant's Celebrations Passport is a

---

[1] This Second Amended Class Action Complaint is filed pursuant to Federal Rule of Civil Procedure 15(a)(2).

membership program that provides customers free shipping and no service fees for the first year at a cost of $19.99, which then automatically renews every year after the initial year at a cost of $29.99 plus tax (the "Automatic Renewal Fee") charged to the consumer's stored credit card, debit card or third-party payment account (collectively the "Payment Method"). Prior to assessing the Automatic Renewal Fees, Defendant not only failed to obtain Plaintiffs and other consumers' consent to be charged these fees – Defendant failed to even disclose the existence of the fee to them in a clear and conspicuous manner. By assessing the Automatic Renewal Fees to Plaintiffs and other consumers nationwide without providing adequate notice or obtaining the requisite consent, Defendant violated New York's Automatic Renewal Law ("ARL"), N.Y. Gen. Bus. Law § 527-a

2. The ARL requires retailers like Defendant that sell automatically renewing subscriptions to consumers to, *inter alia*: (a) obtain affirmative consent before a customer buys an automatically renewing subscription; (b) provide the complete auto-renewal terms in a clear and conspicuous manner and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent before purchase; and (c) provide customers notice of an automatic renewal between 15 and 45 days before the offer renews. As is set forth herein, Defendant has violated all three of these requirements.

3. Specifically, Defendant systematically violates the ARL by: (i) failing to present the automatic renewal offer terms applicable to the Celebrations Passport in a clear and conspicuous manner and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer before the subscription or purchasing agreement is fulfilled, in violation of N.Y. Gen. Bus. Law § 527-a(1)(a); (ii) charging consumers' Payment Method without first obtaining affirmative consent to the agreement containing the automatic renewal offer terms, in violation of N.Y. Gen. Bus. Law § 527-a(1)(b); and (iii)

2

failing to provide notice of the renewal between 15 and 45 days before the automatic renewal occurs, in direct violation of N.Y. Gen. Bus. Law § 527-a(3)(b). As a result, all goods, wares, merchandise, or products sent to Plaintiffs and the Class through the unlawful automatic renewal of a continuous service agreement are deemed to be "unconditional gifts" under the ARL. N.Y. Gen. Bus. Law § 527-a(6). As such, Plaintiffs and the Class Members are entitled to a full refund of all monies automatically charged for a renewal of Celebrations Passport without their consent.

4. Accordingly, Plaintiffs bring this action individually and on behalf of all purchasers of Celebrations Passport (subject to exclusions set forth herein) whose stored Payment Method was charged an Automatic Renewal Fee during the class period. Based on Defendant's unlawful conduct, Plaintiffs seek damages, restitution, injunctive relief, and reasonable attorneys' fees and costs, for violation of N.Y. Gen. Bus. Law § 349.

## JURISDICTION AND VENUE

5. Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23.

6. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

7. The Court has personal jurisdiction over Defendant because Defendant maintains its corporate headquarters and principal place of business in Jericho, New York.

## THE PARTIES

8. Plaintiff Tiffany Brundage ("Plaintiff Brundage") is a resident and citizen of Rockland County, New York. Plaintiff Brundage resides in the state of New York with family, is employed in the State of New York, pays taxes in the State of New York, is insured in the State of New York, is a registered voter in the State of

3

New York, is licensed to drive in the State of New York, has an automobile registered in the State of New York, and conducts all essential life services (e.g., health care, dental care, banking, and the like) exclusively in the State of New York. Plaintiff Brundage purchased products from Defendant, including the Celebrations Passport, for personal, family, or household purposes, and is therefore, a "consumer" under N.Y. Gen. Bus. Law § 527(4).

9. Plaintiff Anna Garr ("Plaintiff Garr") is a resident and citizen of Davidson County, Tennessee. Plaintiff Garr resides in the state of Tennessee, was recently employed in the State of Tennessee, pays taxes in the State of Tennessee, is insured in the State of Tennessee, is a registered voter in the State of Tennessee, is licensed to drive in the State of Tennessee, has an automobile registered in the State of Tennessee, and conducts all essential life services (e.g., health care, dental care, banking, and the like) exclusively in the State of Tennessee. Plaintiff Garr purchased products from Defendant, including the Celebrations Passport, for personal, family, or household purposes, and is therefore, a "consumer" under N.Y. Gen. Bus. Law § 527(4).

10. Defendant 800-Flowers, Inc. is an online retailer of flowers and gifts. Defendant is organized under the laws of New York and maintains its corporate headquarters and principal place of business in Jericho, New York.

### New York's Autorenewal Law ("ARL") N.Y. Gen. Bus. Law § 527 et. seq.

11. In the 2023 Legislative Session the New York Legislature passed the ARL, to curb "deceptive subscription marketing practices" and to "ensure transparency for subscription service companies." Sponsors Memorandum, 2023 S.B. 5941, 3/25/2023.

12. Under the ARL an "automatic renewal means a plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term." N.Y. Gen. Bus. Law § 527(1).

13. The ARL requires that the following disclosures pertaining to an automatic renewal be "clear and conspicuous":

> 1) That the subscription or purchasing agreement will continue until the consumer cancels;
>
> 2) The description of the cancellation policy that applies to the offer;
>
> 3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known;
>
> 4) The length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer;
>
> 5) The minimum purchase obligation, if any.

N.Y. Gen. Bus. Law § 527(2).

14. "Clear and conspicuous" means in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language. In the case of an audio disclosure, "clear and conspicuous" and "clearly and conspicuously" means in a volume and cadence sufficient to be readily audible and understandable. N.Y. Gen. Bus. Law § 527(3).

15. The ARL makes it unlawful for a business to (1) make an automatic renewal offer that fails to present the "automatic renewal offer terms" in a "clear and conspicuous manner" "before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity . . . to the request for consent to the offer"; and (2) to charge the consumer's Payment Method without first obtaining the consumer's "affirmative consent" to the automatic renewal. N.Y. Gen. Bus. Law § 527-1(a) & (b).

16. Under the ARL, where the initial term of an autorenewal offer is one year or longer, the consumer must be provided notice of renewal of the offer at least 15 days before, but not more than 45 days before, the offer renews. N.Y. Gen. Bus. Law § 527-a(3)(b).

17. **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

*(a) The Celebrations Passport*

18. Defendant operates multiple consumer brands including 1-800-Flowers.com, Harry & David, Personalization Mall, Shari's Berries, 1-800-Baskets.com, Simply Chocolate, Fruit Bouquets.com, Cheryl's Cookies, the Popcorn Factory, Wolferman's Bakery, and Vital Choice. These different brands offer products in various categories for the purpose of gift giving, such as flowers, gift baskets, cookies, healthy snacks, and fruit arrangements.

19. Defendant charges customers shipping and handling fees for gift deliveries, and service fees for floral deliveries, across all of its brands. Defendant's "Celebrations Passport" product gives customers free shipping and allows customers to avoid service fees for one year for all orders made from Defendant's brands.

20. Defendant advertises that it costs $19.99 to purchase the Celebrations Passport and touts the benefits of free shipping and waived service fees. But what Defendant's offer deceptively conceals from consumers is that each year following the purchase of the Celebrations Passport, Defendant automatically charges the

6

customer an Automatic Renewal Fee of $29.99 – $10.00 more (plus tax) than the initial fee – to the Payment Method supplied by the customer (and stored by Defendant) at enrollment. Defendant's offer also deceptively conceals from consumers that they may cancel the Celebration Passport service before it automatically renews.

21. Defendant sells Celebrations Passport through different channels including by phone and online (including its websites and mobile apps). Defendant has used various means to induce customers to add the Celebrations Passport to their orders. For example, one tactic Defendant has used is to automatically add Celebrations Passport to customers' orders without customers requesting the Celebrations Passport be added. But regardless of the means Defendant has used to induce consumers to purchase the Celebrations Passport, Defendant has uniformly failed to disclose the key, statutorily required autorenewal terms, in a clear and conspicuous manner, *prior to* the customer's completion of the order process – namely: (a) the fact that the Celebrations Passport automatically renews, (b) that the renewal fee is $29.99, $10.00 higher than the introductory fee, and (c) that the customer's stored payment method will be charged every year, each of which is an independent violation of the ARL. N.Y. Gen. Bus. Law § 527-a(1).

22. It is unlawful under the ARL for Defendant to charge customers' Payment Method an Automatic Renewal Fee without first obtaining consumers' affirmative consent to the agreement containing the automatic renewal offer terms. N.Y. Gen. Bus. Law § 527-a(1)(b).

23. To the extent the checkout process on Defendant's websites, phone lines, and other sales channels has included the necessary automatic renewal terms, these disclosures were not "clear and conspicuous" as required under the ARL and as such did not manifest a customer's consent to the autorenewal terms. As it relates to Defendant's websites, "clear and conspicuous" means the disclosure of key terms

7

is presented in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language. And in the case of Defendant's telephone lines, an audio disclosure that is "clear and conspicuous" means in a volume and cadence sufficient to be readily audible and understandable. N.Y. Gen. Bus. Law § 527(3).

24. Defendant's websites and other non-auditory sales channels do not display the required autorenewal disclosures in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language. Nor are any disclosures provided by Defendant over its telephone lines prior to its sales of Celebrations Passport made in a volume and cadence sufficient to be readily audible and understandable. N.Y. Gen. Bus. Law § 527(3).

25. Rather, to capture more revenue per transaction, Defendant designed its order processes to present the terms of the Celebrations Passport in an intentionally inconspicuous manner, including by hiding the fact that Celebrations Passport is automatically renewed each year and that a customer's stored Payment Method will be automatically charged each year (and that the customer can cancel at any time). Indeed, on its websites, Defendant displays such language in font type that is smaller than and not otherwise in contrast to surrounding text, and not otherwise in a manner that clearly calls attention to such language, as well as by falsely representing to consumers that the product costs $19.99/year when in fact it renews every year after the initial year at the price at $29.99 plus tax. Likewise, with respect to its sales of Celebrations Passport by telephone Defendant hid the fact that Celebrations Passport is automatically renewed each year and that a customer's stored Payment Method will be automatically charged each year (and that the customer can cancel at any time) – such as, by conveying that information in an volume and cadence insufficient

8

to render those disclosures audible, or by not making them at all – and by falsely representing to consumers that the product costs $19.99/year when in fact it renews every year after the initial year at the price at $29.99 plus tax.

26. Further, once a customer is enrolled in the Celebrations Passport, Defendant does not send customers who are enrolled in Celebrations Passport a notice between 15 and 45 days before Celebrations Passport automatically renews for another year, as required under N.Y. Gen. Bus. Law § 527-a(3)(b) – even though Defendant previously obtained these customers' mailing addresses, email addresses, and phone numbers at the time of their initial purchases and could thus readily provide them with such notices.

### (b) *Plaintiffs' Purchase of Celebrations Passport*

27. In or around February 2024, Plaintiff Brundage made a purchase of goods from Defendant's "Simply Chocolate" brand, and such purchase included the Celebrations Passport. Plaintiff Brundage was assessed $19.99 (plus taxes) for the Celebrations Passport. Plaintiff Brundage provided personal information to Defendant, including her name, address, and telephone number and/or email address, at the time of her purchase.

28. At the time of her 2024 purchase, Defendant stored Plaintiff Brundage's credit card information.

29. On or about February 2, 2025, Defendant automatically charged Plaintiff Brundage's stored payment method approximately $31.19 (representing the $29.99 Automatic Renewal Fee plus taxes) for Celebrations Passport.

30. In March 2021, Plaintiff Garr made a purchase of goods from Defendant's "1-800-Flowers" brand, and such purchase included the Celebrations Passport. Plaintiff Garr was assessed $19.99 (plus taxes) for the Celebration Passport. Plaintiff Garr provided personal information to Defendant, including her

name, address, and telephone number and/or email address, at the time of her purchase.

31. At the time of her 2021 purchase, Defendant stored Plaintiff Garr's credit card information.

32. In or around March 2022, Defendant automatically charged Plaintiff Garr's credit card approximately $33.00 (representing the $29.99 Automatic Renewal Fee plus taxes) for Celebrations Passport.

33. Plaintiffs were not aware of either the Automatic Renewal Fee or its ten-dollar price increase because Defendant uniformly failed – on its websites, telephone lines, and all of its other sales channels – to present the Celebration Passport's "automatic renewal offer terms" to them (or any other of its customers) in "a clear and conspicuous manner" when they made their purchases. Indeed, Defendant's 1-800-Flowers.com and other websites and other non-auditory sales channels did not display the required autorenewal disclosures in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language and, in the case of Defendant's telephone lines, the required disclosures were either not made at all or not made in a volume and cadence sufficient to be readily audible and understandable. N.Y. Gen. Bus. Law § 527(3).

34. Plaintiffs did not affirmatively consent to their payment information being stored, their stored payment method being charged the Automatic Renewal Fee for the Celebrations Passport, or the increased price for the Automatic Renewal Fee, because such terms were not adequately disclosed when they made their initial purchases.

35. Nor did Defendant provide Plaintiff Garr with notice between 15 and 45 days before her Celebrations Passport automatically renewed and when

Defendant charged Plaintiff Garr's stored payment method an automatic renewal fee.

36. Had Plaintiffs known that their initial purchase from Defendant, which included the Celebrations Passport, was subject to automatic renewal or the Automatic Renewal Fee, that their stored payment methods would automatically be charged each year, or that Automatic Renewal Fee was $10.00 more than the stated fee for the initial year, Plaintiffs would not have purchased the Celebrations Passport in the first place, due to, among other reasons, the hassle of monitoring a subscription and timely cancelling. Plaintiffs did not know these facts because of the deceptive marketing Defendant used (and continues to use) to sell Celebrations Passport, including Defendant's failure to present the automatic renewal offer terms clearly and conspicuously before Plaintiffs agreed to purchase Celebrations Passport. Moreover, in Plaintiff Garr's case, Plaintiff Garr could not reasonably cancel her Celebrations Passport before it automatically renewed because, in addition to the foregoing, Defendant failed to notify Plaintiff Garr of the Celebration Passport's renewal between 15 and 45 days in advance of the automatic renewal as required by the ARL.

37. The facts giving rise to Plaintiffs' claims are materially the same as the Class they seek to represent.

## Class Action Allegations

38. Plaintiffs bring this action on Plaintiffs' own behalf and on behalf of all persons similarly situated as a class action pursuant to Fed. R. Civ. P. 23. The Class which Plaintiffs seek to represent is comprised of and defined as:

> All persons in the United States who, within the applicable statutory period, up to and including the date of final judgment in this action, incurred an Automatic Renewal Fee in connection with Celebrations Passport.

11

39. The following are excluded from the class: Defendant, its corporate parents, subsidiaries, franchisees and affiliates, officers and directors, any entity in which Defendant has a controlling interest and the legal representatives, successors, or assigns of any such excluded person or entities, and the Court to which this action is assigned. Also excluded from the class are all persons covered by the settlement in *Anayancy Paiz, et. al. v. 800-Flowers, Inc.*, 2:23-cv-07441-AB-PVC (C.D. Cal.).

40. Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues based upon discovery or further investigation.

41. This action may properly be brought and maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b). This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

42. On application by Plaintiffs' counsel for class certification, Plaintiffs may also seek certification of subclasses in the interests of manageability, justice, or judicial economy.

43. ***Numerosity.*** The number of persons within the Classes is substantial, which is believed to amount to several hundreds of thousands of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

44. ***Commonality and Predominance***: There are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class.

These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a) Whether Defendant's annual renewal of Celebrations Passport constitutes an "automatic renewal" within the meaning of N.Y. Gen. Bus. Law § 527(1);

(b) Whether Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer, in violation of N.Y. Gen. Bus. Law § 527-a(1)(a);

(c) Whether Defendant charged Plaintiffs' and Class members' stored Payment Method an Automatic Renewal Fee without first obtaining their affirmative consent to the automatic renewal offer terms in violation of N.Y. Gen. Bus. Law § 527-a(1)(b);

(d) Whether the goods and services provided by Defendant are deemed "unconditional gifts" in accordance with N.Y. Gen. Bus. Law § 527-a(6);

(e) Whether Defendant's conduct alleged herein violated N.Y. Gen. Bus. Law § 349;

(f) Whether Plaintiffs and the Class are entitled to, and the amount of any, damages and/or restitution;

(g) Whether Defendant should be enjoined from further engaging in the misconduct alleged herein; and

(h) Whether Plaintiffs and the Class are entitled to attorneys' fees and costs under N.Y. Gen. Bus. Law § 349(h) .

45. ***Typicality.*** The claims of the named Plaintiffs are typical of the claims of members of the Class because Plaintiffs and all members of the proposed Class have suffered similar injuries as a result of the same practices alleged herein. Plaintiffs have no interests to advance that are adverse to the interests of the other members of the proposed Class.

46. ***Adequacy***. Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiffs fairly and adequately represent and protect the interests of the Class. Neither Plaintiffs nor their counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiffs have raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiffs may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

47. ***Superiority***. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Classes is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court

system and protects the rights of each member of the Class. Plaintiffs anticipate no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with the ARL.

48. Defendant has acted or failed to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

49. Without a class action, Defendant will continue a course of action that will result in further damages to Plaintiffs and members of the Class and will likely retain the benefits of its wrongdoing.

50. Based on the foregoing allegations, Plaintiffs' claim for relief is as set forth below.

## CLAIM FOR RELIEF

### Violation of New York General Business Law § 349

51. Plaintiffs re-allege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this claim.

52. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant with respect to Defendant's sales of the Celebration Passport.

53. Defendant's sale of the Celebration Passport is "consumer oriented" in that it is directed at members of the consuming public.

54. New York's consumer fraud statute prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law §349.

55. Defendant sold Celebrations Passport in New York to consumers around the United States on websites and e-commerce portals designed in, operated from, and maintained in New York. Defendant received orders for Celebrations Passport on websites and e-commerce portals in New York, completed the sale of

15

Celebrations Passport in New York, and processed payment for the purchase of Celebrations Passport in New York. Further, administered the Celebrations Passport program pursuant to policies designed and implemented from its New York headquarters, made representations and disclosures concerning Celebrations Passport from New York, automatically charged Plaintiffs and Class members' stored payment methods from, and received payment in New York, and otherwise ran its business operations, including those concerning Celebrations Passport, from New York. With respect to sales of Celebrations Passport made over the telephone, Defendant drafted its sales scripts from its headquarters in New York, oversaw telephonic sales of Celebrations Passport from its headquarters in New York, administered the Celebrations Passport program pursuant to policies designed and implemented from its New York headquarters, made representations and disclosures concerning Celebrations Passport from New York, automatically charged Plaintiffs and Class members' stored payment methods from, and received payment in New York, and otherwise ran its business operations, including those concerning Celebrations Passport, from New York.

56. Defendant has violated N.Y. Gen. Bus. Law §349 statute by violation of the New York ARL, N.Y. Gen. Bus. Law § 527-a, which declares unlawful "the practice of ongoing charging of consumer credit or debit cards or third-party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service," in each of the following ways:

> A. Defendant failed to present the terms of its automatic renewal or continuous service offer in a clear and conspicuous manner before fulfilling the subscription and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer, as required by N.Y. Gen. Bus. Law § 527-a(1)(a);

  B. Defendant charged Plaintiffs' and the Class's credit or debit cards, or account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous offer terms, as required by N.Y. Gen. Bus. Law § 527-a(1)(b); and

  C. Defendant failed to provide notice of an automatic renewal offer or continuous service offer with an initial term of one year or longer, that automatically renews unless the consumer cancels the automatic renewal or continuous service, at least 15 days and not more than 45 days before the automatic renewal offer or continuous service offer renews, as required by N.Y. Gen. Bus. Law § 527-a(3)(b).

57. Further, Defendant violated N.Y. Gen. Bus Law §349 by, *inter alia*, mispresenting in marketing materials and creating the false impression that the Celebration Passport's fee was $19.99 for each and every year when, in fact, the fee automatically increased to $29.99 after the first year.

58. The aforementioned acts are unfair, unconscionable and deceptive and are contrary to the public policy of New York, which aims to protect consumers. Further, these acts mislead Plaintiffs and would be likely to mislead a reasonable customer acting reasonably under the circumstances. Moreover, Plaintiffs and the class were actually harmed by the above-described acts as they were deprived of money when Defendant automatically charged their credit, debit, and third party accounts.

59. Plaintiffs and the Class reserve the right to allege other violations of law which constitute unlawful, unfair, or fraudulent business acts or practices as Defendant's conduct is ongoing and continues to this date.

60. All products received from Defendant in violation of the ARL constitute "unconditional gifts." *See* N.Y. Gen. Bus. Law § 527-a(6). As such, Plaintiffs and the Class Members are entitled to a full refund of all monies automatically charged for a renewal of Celebrations Passport without their consent. As a direct and proximate result of Defendant's unlawful and/or unfair practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiffs and the Class in the form of automatic renewal payments made by Plaintiffs and the Class for Celebrations Passport. Defendant has profited from its unlawful and/or unfair acts and practices in the amount of the monies obtained from those unlawful renewals and interest accrued thereon.

61. Plaintiffs and the members of the Class further seek equitable relief against Defendant. Pursuant to N.Y. Gen. Bus. Law § 349, this Court has the power to award such relief, including but not limited to, an order declaring Defendant's practices to be unlawful, an order enjoining Defendant from engaging in any further unlawful conduct, and an order directing Defendant to refund to Plaintiffs and the New York Class all fees wrongfully assessed and/or collected.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

A. For an order certifying Plaintiffs as Class representatives and appointing Plaintiffs' counsel as class counsel;

B. For an order finding in favor of Plaintiffs and the Class on all claims alleged herein;

C. For actual, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

D. For prejudgment interest on all amounts awarded;

E. For an order of restitution and all other forms of equitable monetary relief;

F. For injunctive relief as pleaded or as the Court may deem proper; and

G. For an order awarding Plaintiffs and the Class their reasonable attorneys' fees expenses, and costs of suit; and

H. Awarding such other equitable or other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

Dated: May 22, 2025                              Respectfully Submitted,

**HEDIN LLP**

By:   */s/ Elliot O. Jackson*

Elliot O. Jackson
New York Attorney Reg. No. 6076798
Frank S. Hedin*
**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile:  (305) 200-8801
EJackson@hedinllp.com
FHedin@hedinllp.com

*Counsel for Plaintiffs and the Putative Class*

**Pro Hac Vice Application Forthcoming*