

**600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001**
**T** 202.344.4000   **F** 202.344.8300   www.Venable.com

June 23, 2025

t 202.344.4220
f 202.344.8300
ANRothman@Venable.com

**VIA ECF**
The Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

  Re: *Gonzalez, et al. v. 800-Flowers, Inc.*, No. 24-cv-08894-SJB-JMW
    <u>Pre-Motion Letter for 800-Flowers, Inc.'s Anticipated Motion to Dismiss and Motion to Compel Arbitration</u>

Dear Judge Bulsara:

  Pursuant to Section VI.G. of Your Honor's Individual Practices, 800-Flowers, Inc. requests a pre-motion conference concerning its anticipated motion to compel arbitration or, in the alternative, to strike plaintiffs' class claims pursuant to Rule 12(f); and to dismiss plaintiffs' second amended complaint (Docket Entry ("DE") 14) for failure to state a claim and lack of statutory standing pursuant to Rule 12(b)(6).

  **I.** **<u>Introduction</u>**

  800-Flowers offers Celebrations Passport to consumers, a membership program that renews annually and which provides free standard shipping and no service charges for eligible products the company sells such as flowers and gifts across the company's family of brands. Plaintiffs claim that 800-Flowers charged them renewal fees for Celebrations Passport that plaintiffs never authorized or knew they would incur. Plaintiffs' complaint seeks relief only for these renewal charges. However, plaintiffs agreed to arbitrate and to forgo pursuing class claims when they purchased Celebrations Passport. Thus, the Court should compel them to arbitrate or, in the alternative, strike their class claims.

  Alternatively, the Court should dismiss the second amended complaint for failure to state a claim for two independent reasons: (1) plaintiffs cannot use GBL § 349 to pursue alleged violations of New York's automatic renewal law because the automatic renewal law does not confer any private right of action; and (2) plaintiffs lack statutory standing because they fail to allege any transaction occurred in New York.

  To be sure, this is not the first time that customers like the plaintiffs have been injected by plaintiffs' counsel into litigation with fatal defects. In 2023 and 2024, plaintiffs' counsel sued the



The Honorable Sanket J. Bulsara
June 23, 2025
Page 2

company twice with a revolving roster of thirteen plaintiffs that lodged similar allegations under California law.  Of those, ten dismissed their claims or otherwise removed themselves including because they either never incurred the charges underlying their claims and/or agreed to arbitrate their claims. (*Tessible "Skyler" Foster, et al. v. 800-Flowers, Inc.*, C.D. Cal. Case No. 23-cv-07441-AB-PVC, DE 1, 20, 45; *Damon Tate, et al. v. 800-Flowers*, C.D. Cal. Case No. 2:23-cv-04340-AB-PVC, DE 11-1, 18.)

Then, in this Court, two plaintiffs started this litigation but then withdrew after 800-Flowers showed to those plaintiffs through their counsel that they could not pursue their claims. (DE 13; March 21, 2025, Order (holding in abeyance 800-Flowers' obligation to respond to the First Amended Complaint (DE 6) pending the filing of plaintiffs' Second Amended Complaint).)  The new plaintiffs cannot pursue their claims either.

**II.**     **Motion to Compel Arbitration**

Garr alleges she purchased Celebrations Passport in March 2021 (DE 14 ¶ 30), and company records show Brundage purchased Celebrations Passport in February 2021, not in February 2024 as alleged in the complaint (Id. ¶ 27).  As shown in these screenshots representative of the checkout screens presented to customers who purchased Celebrations Passport from a desktop computer on 1800flowers.com in March 2021 like Garr, and from a mobile device on simplychocolate.com in February 2021 like Brundage, customers agreed to the Terms of Use, hyperlinked in blue lettering offset by a white background when they clicked "PLACE ORDER":

**Desktop**





The Honorable Sanket J. Bulsara
June 23, 2025
Page 3

**Mobile**



The Terms of Use state on the first page:

> **PLEASE BE AWARE THAT THESE TERMS OF USE CONTAIN A BINDING ARBITRATION AGREEMENT AND CLASS ACTION WAIVER THAT WAIVE YOUR RIGHT TO A COURT HEARING AND JURY TRIAL.**

(Exhibit A at 1.) They also contain detailed provisions governing arbitration and waiving class claims. (Id. at 19.) And, as shown above, customers "were presented with links to th[is] agreement[] and acknowledged via clicked checkboxes that they agreed to the terms in said agreement[]." *Stoll v. JPMorgan Chase Bank, N.A.*, No. 23-CV-4149(CBA)(MMH), 2024 WL 4469174, at *4–5 (E.D.N.Y. July 16, 2024). 800-Flowers' motion will show that the caselaw mandates compelling arbitration under these circumstances. *Id.* ("Courts in this circuit have



The Honorable Sanket J. Bulsara
June 23, 2025
Page 4

repeatedly confirmed that by clicking through these 'click-wrap' agreements in this manner, Plaintiffs agreed to be bound by the terms of these agreements.").

Alternatively, the Court should strike plaintiffs' class claims because they agreed to forego pursuing class relief when they agreed to the Terms of Use. *Vitrano v. N.A.R., Inc.*, 18CV06754KAMRLM, 2020 WL 1493620, at *9 (E.D.N.Y. Mar. 27, 2020) (finding "[c]lass action waivers […] valid and enforceable" and granting defendant's motion to strike class allegations); (Ex. A at 19 ("YOUR CLAIM SHALL BE ARBITRATED ON AN INDIVIDUAL BASIS, AND YOU SHALL NOT HAVE THE RIGHT TO PARTICIPATE IN A REPRESENTATIVE CAPACITY, OR AS A MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION.").)

### III.     Plaintiffs Failed to State a Claim

#### A.     GBL § 527-a Does Not Create a Private Right of Action

Plaintiffs predicate their GBL § 349 claims on alleged violations of New York's Auto-Renewal Law, GBL § 527-a, which contains no private right of action and expressly reserves enforcement to the attorney general, GBL § 527-a(7). (DE 14 ¶ 56 ("Defendant has violated [GBL] § 349 statute by violation of the New York ARL, N.Y. Gen. Bus. Law § 527-a.").)

This mandates dismissal because plaintiffs cannot use GBL § 349 to assert private claims for violations of statutes that do not confer a private right of action. *Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001) ("[P]laintiffs cannot thwart legislative intent by couching a [GBL] Section 601 claim as a Section 349 claim."); *Sigall v. Zipcar, Inc.*, 582 F. App'x 18, 20 (2d Cir. 2014) (finding appellants' GBL § 349 claim was barred because "they merely repackage Appellants' GBL § 396–z claim," which "does not provide a private right of action"); *Schlessinger v. Valspar Corp.*, 817 F. Supp. 2d 100, 103, 109–11 (E.D.N.Y. 2011) (finding "plaintiffs' section 349 claim to be an impermissible end run around section 395-a's lack of a private right of action," and granting defendant's motion to dismiss).  Therefore, the Court should dismiss plaintiffs' GBL § 349 claims.

Alternatively, the Court should dismiss or strike the portions of plaintiffs' claims that rely on GBL § 527-a specific requirements. (DE 14 ¶ 56.)  For instance, plaintiffs allege that defendant "failed to provide notice of an automatic renewal […] at least 15 days and not more than 45 days before […] renew[al]," as required under § 527-a(3)(b). (DE 14 ¶ 56(C).)  But plaintiffs cannot attempt to enforce this statutory bar by recharacterizing their claim as a violation of GBL § 349 under *Conboy* and the authorities in the preceding paragraph. *Conboy*, 241 F.3d at 258; *Sigall*, 582 F. App'x at 20; *Schlessinger*, 817 F. Supp. 2d at 103.



The Honorable Sanket J. Bulsara
June 23, 2025
Page 5

      **B.**      **Plaintiffs Lack Statutory Standing**

Regardless of whether a private cause of action exists under § 527-a, plaintiffs failed to allege a deceptive transaction occurred in New York as required to state a claim under GBL § 349. *Greene v. Clean Rite Centers*, 714 F. Supp. 3d 134, 149 (E.D.N.Y 2024) ("Without a connection between her specific transaction with Defendants and New York, Plaintiff has no statutory standing to bring a claim under Section 349.").

"[T]ransactions occur where the consumer viewed the advertisement or purchased the product." *Wright v. Publishers Clearing House, Inc.*, 439 F. Supp. 3d 102, 110 (E.D.N.Y. 2020). But Garr, who resides, pays taxes, votes, and "conducts all essential life services […] exclusively in the State of Tennessee," does not assert that she viewed the allegedly deceptive statements or purchased Celebrations Passport in New York (DE 14 ¶ 9).

Further, the Court should reject Garr's attempt to circumvent this jurisdictional requirement by insinuating that 800-Flowers formulated a scheme to charge auto renewal fees in New York. (DE 14 ¶ 55.) That is exactly the type of allegation the Second Circuit and courts within this judicial district have found insufficient to support a claim under GBL § 349. *Kaufman v. Sirius XM Radio, Inc.*, 474 F. App'x 5, 7 (2d Cir. 2012) (rejecting § 349 claim based on "allegations that deceptive terms and conditions were published on a website controlled from New York, when there is no further allegation of plaintiffs' receipt of this information in New York"); *Wright*, 439 F. Supp. 3d at 110 (allegations that defendant "hatched the deceptive scheme in New York; sent the relevant advertising materials from New York; and received payment and processed orders in New York [online and by mail …] neither individually nor cumulatively establish that some part of the underlying transaction occurred in New York").

At most, Garr's contentions merely re-articulate "the allegation that the Defendant[] operate [its] principal place of business in New York," thereby failing to establish the requisite transactional nexus. *Wright*, 439 F. Supp. 3d at 110–12. Garr thus lacks statutory standing and should be dismissed.

As to Brundage, the complaint "ignores and fails to address the territorial requirement where it merely alleges that [Brundage] is a citizen of New York and fails to make any allegations about where [s]he was exposed to allegedly deceptive materials or purchased [Celebrations Passport]." *McVetty v. TomTom N. Am., Inc.*, No. 19 CV 4908 (NSR), 2021 WL 965239, at *3 (S.D.N.Y. Mar. 13, 2021); *Chung v. Igloo Prods. Corp.*, No. 20-CV-4926 (MKB), 2022 WL 2657350, at *9 (E.D.N.Y. July 8, 2022). Indeed, the "General Business Law analysis does not turn on the residency of the parties"; therefore, "the fact that [Brundage] is a citizen of New York is insufficient." *McVetty*, 2021 WL 965239, at *3 (quoting *Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314325 (2002)). Brundage "fail[s] to allege that the allegedly deceptive



The Honorable Sanket J. Bulsara
June 23, 2025
Page 6

transactions involving Plaintiff[] occurred in New York," and her claim should be dismissed for lack of statutory standing on that basis. *Chung*, 2022 WL 2657350, at *9.

Accordingly, 800-Flowers respectfully requests a pre-motion conference to discuss its anticipated motion to dismiss the complaint, compel arbitration, and strike the class allegations.

Respectfully submitted,

Ari N. Rothman (*pro hac vice*)
*Counsel to 800-Flowers, Inc.*

cc: All counsel of record (via ECF)



The Honorable Sanket J. Bulsara
June 23, 2025
Page 7

## WORD COUNT CERTIFICATION

    I hereby certify pursuant to the Court's Individual Practices for Civil and Criminal Cases and Local Civil Rule 7.1 that the total number of words in this Letter is 1,686.

                                        *Ari N. Rothman*
                                        Ari N. Rothman