

600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000  F 202.344.8300  www.Venable.com

October 15, 2025

t 202.344.4220
f 202.344.8300
ANRothman@Venable.com

**VIA ECF**
The Honorable James M. Wicks
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

Re:  *Gonzalez, et al. v. 800-Flowers, Inc.*, No. 24-cv-08894-SJB-JMW
800-Flowers, Inc.'s Response to Plaintiffs' Letter Motion for Extension of Time to File a Response to Motion to Compel Arbitration

Dear Judge Wicks:

We write on behalf of defendant 800-Flowers, Inc., and submit that plaintiffs failed to show good cause to justify an extension of the briefing schedule on 800-Flowers' motion to compel arbitration. (Docket Entry ("DE") 22; August 4, 2025, Order adopting motion to compel arbitration briefing schedule.)  Foremost, plaintiffs' letter fails to specify what discovery plaintiffs need or why they need it.  Further, plaintiffs knew – by their own admission – that they might seek discovery following 800-Flowers' motion but nonetheless waited until two days before their deadline to file their response to seek an extension.  And, they did this after ignoring 800-Flowers' attempts to confer with plaintiffs' counsel about the discovery they claim they need.  Instead, plaintiffs purported to serve discovery without seeking leave, and filed a letter requesting an extension without explaining what discovery they need or why.  The Court should deny plaintiffs' request.

Rule 16 allows a party to obtain a modification of a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009).  "Whether good cause exists turns on the diligence of the moving party." *Holmes*, 568 F.3d at 335 (internal quotations and citations omitted).  "To establish 'good cause' under Rule 16(b), the moving party is required to demonstrate that the scheduling deadline could not have been met despite its diligence." *Walsh v. Versa Cret Contracting Co., Inc.*, No. 21CV05697JMAJMW, 2023 WL 3570699, at *3 (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)).

No such good cause exists here.  Plaintiffs failed to seek leave from the Court to conduct discovery before a Rule 26(f) conference as required. *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) ("[A] party to a civil action may not seek discovery before the parties have conferred as required by Rule[] 26(f), except in certain limited categories of case[s] exempted from



the initial disclosure rules or when authorized by Court order." (quotation omitted)). Indeed, they never sought leave to conduct any discovery despite knowing that they might need to do so when agreeing to adjourn the Initial Conference and to defer all discovery and discovery-related activities, including the submission of the Proposed Rule 26(f) Scheduling Order. (*See* DE 20 at 2.)

Instead, they informally requested overbroad information from 800-Flowers that has no bearing on whether plaintiffs agreed to arbitrate. Nonetheless, 800-Flowers voluntarily responded to one of their requests, and offered to confer further regarding their second request. Plaintiffs ignored 800-Flowers' concerns and offers to confer, and purported to serve unauthorized and overly broad discovery requests seeking documents that have no bearing on whether plaintiffs agreed to arbitrate. The timeline says it all:

- September 15, 2025: 800-Flowers served its notice of motion to compel arbitration and to stay proceedings pending arbitration, or alternatively, to strike class claims; an accompanying memorandum of law; and the declarations of Jay Sweeney and Kathleen Castellanos with the exhibits annexed thereto on plaintiffs, and filed with the Court a letter confirming service of its motion on plaintiffs. (Dkt. 21; Exhibit A at 5.)

- September 19, 2025: Plaintiffs' counsel requested via email that 800-Flowers provide "complete copies of: (1) all electronic 'records stored in the regular course of business' by [800-Flowers] 'regarding plaintiffs Anna Garr and Tiffany Brundage'; and (2) records sufficient to show the dates on which each of the screenshots shown in the declarations in support of the motion to compel arbitration were generated," contending that these materials were required "in order to adequately respond in opposition to the motion [to compel arbitration]." (Ex. A at 4.)

- September 22, 2025: 800-Flowers explained via email that it disagreed that any of the requested information was needed to respond to the motion to compel arbitration. (Ex. A at 3–4.) Nonetheless, 800-Flowers provided the dates on which each of the images shown in the declarations in support of the motion to compel arbitration were generated. (Id. at 4.) 800-Flowers did so given that the request was specific and narrow while bearing some relevance to the information in the declarations.

    As to plaintiffs' first request, 800-Flowers asked counsel to "specify exactly what records [his] clients need and why," or "what facts they are disputing for which they require validation." (Id.) 800-Flowers explained that a request seeking all of the records concerning plaintiffs was overbroad and vague given the narrow issue



of when and how they agreed to arbitrate, and indicated its willingness to "consider reasonable requests for specific information." (Id.)

Rather than clarifying what information plaintiffs sought and ignoring 800-Flowers' response to their second request, plaintiffs insisted that 800-Flowers "simply produc[e] whatever electronic records it maintains pertaining to the plaintiffs and their purchases, in the original native format they are kept in [its] system," contending that since 800-Flowers' representatives "referenced these records in providing their declarations […] it's only fair that plaintiffs have them as well before responding." (Id. at 3.)

- September 25, 2025: 800-Flowers reiterated its willingness to consider further responding to plaintiffs' requests in addition to the information already provided, and asked again that they narrow their requests and clarify the information sought. (Ex. A at 2–3 ("To guide that discussion, what are your clients disputing, and what information do they need to respond to the motion that we did not already provide below? Are they contesting that they made the purchases described in the declaration? Will they accept information extracted from a database that contains the information they seek (as narrowed by your follow-up email) if our client agrees to provide it?").)

- October 7, 2025: Plaintiffs did not respond to 800-Flowers' request for clarification. Instead, plaintiffs' counsel requested a 30-day extension of plaintiffs' time to respond to 800-Flowers' motion to compel arbitration, "[a]s the parties navigate this discovery dispute." (Ex. A at 2.)

- October 8, 2025: 800-Flowers inquired what "pending discovery dispute" required "thirty days to navigate when no leave to conduct discovery has been granted and no discovery responses are pending," and asked plaintiffs to explain the basis for their request to inform whether to agree to an extension. (Ex. A at 1–2.)

- October 13, 2025: 800-Flowers received no response regarding the purported discovery dispute or extension request. Plaintiffs filed their request for extension (Dkt. 22) and served an unauthorized and overbroad first set of requests for production on 800-Flowers. (Ex. A at 1.)

Plaintiffs therefore delayed and lacked diligence when seeking an extension, and failed in their letter to specify what discovery they need or why. As they note, even before 800-Flowers served its motion, they anticipated that discovery may be necessary and "reserve[d] the right to seek leave to take limited discovery related to issues bearing on their opposition to any motion to



compel arbitration, to the extent necessary and appropriate following the [service] of such a motion." (DE 22 at 1 n.1 (quoting DE 20 at 2).)  Courts within this judicial circuit routinely "decline to find good cause because of a lack of diligence if the party 'knew, or should have known' steps it needed to take 'in advance of the deadline sought to be extended.'" *Kassaw v. Wal-Mart Corp.*, No. 23-CV-6181-EAW-MJP, 2025 WL 1640716, at *2 (quoting *Smith v. Bradt*, 329 F.R.D. 500, 505 (W.D.N.Y. 2019)) (denying motion to extend deadline to file motion to compel despite plaintiff's *pro se* status where plaintiff "could have (and should have) requested discovery long ago," and "could have complied with the deadline for motions to compel and thus fail[ed] to show diligence").

Further, while plaintiffs now contend that "[p]romptly following their review of the Motion […] Plaintiffs' counsel commenced a meet and confer process with Defendant's counsel concerning this issue, but to date have been unable to reach an agreement" (DE 22 at 1), they omit that they repeatedly ignored 800-Flowers' concerns and offers to confer on the information they requested, and in fact never answered 800-Flowers' latest attempt to clarify what information plaintiffs sought on September 25, 2025, or 800-Flowers' attempt to understand their basis for a purported extension of the briefing schedule on October 8, 2025.

The same silence now mandates denying their requested extension, which entirely fails to show that any discovery is warranted to respond to 800-Flowers' motion to compel arbitration or that any dispute exists between the parties, let alone that they were diligent in abiding by the schedule.  While plaintiffs broadly claim that they need six weeks to conduct discovery, they fail to identify what discovery is needed and not already provided by 800-Flowers to resolve the sole narrow question now before the Court.  Therefore, plaintiffs have failed to show good cause to modify the briefing schedule.

Moving the deadlines would also violate Federal Rule of Civil Procedure 1, which states that the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

For the foregoing reasons, the Court should deny plaintiffs' request to extend the briefing schedule.

                                          Respectfully submitted,

                                          Ari N. Rothman (*pro hac vice*)
                                          *Counsel to 800-Flowers, Inc.*

cc: All counsel of record (via ECF)

## WORD COUNT CERTIFICATION

      I hereby certify pursuant to Local Rule 7.1(c) and Section VI.A. of Judge Bulsara's Individual Practices for Civil and Criminal Cases that the total number of words in this letter is 1,582.

                                       */s/ Ari N. Rothman*
                                         Ari N. Rothman