# EXHIBIT A

| From: | ejackson@hedinllp.com |
|---|---|
| To: | Rothman, Ari N. |
| Cc: | Frank Hedin; Mano, Lea C.; Vazquez, John C.; Nelson, Allison C. |
| Subject: | Re: Gonzalez, et. al. v. 800-Flowers, Inc. - No. 2:24-cv-08894-SJB-JMW |
| Date: | Monday, October 13, 2025 9:09:28 PM |
| Attachments: | 10.13.2025 - Ps RFP to 800-Flowers .pdf<br>image001.png |

**Caution: External Email**

Dear Ari,

Please find Plaintiffs' first set of requests for production attached to this email.

Best regards,

**Elliot O. Jackson**

Associate



1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8801

**NOTICE**: This e-mail is from a law firm, Hedin LLP, and is intended solely for the use of the individual(s) to whom it is addressed. The e-mail may contain information that is confidential and may be protected by the attorney-client communications privilege and/or other applicable privileges and/or exemptions and may constitute non-public information. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail entirely from your computer, and do not copy or disclose the e-mail to anyone else. Unauthorized use, dissemination, distribution, or reproduction of this message is strictly prohibited and may be unlawful.

If you are not a current client of Hedin LLP, nothing in this email serves to form an attorney-client relationship, unless it contains an explicit statement stating otherwise.

**From:** Rothman, Ari N. <ANRothman@Venable.com>
**Date:** Wednesday, October 8, 2025 at 1:09 PM
**To:** Elliot Jackson <ejackson@hedinllp.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>, Mano, Lea C. <LCMano@venable.com>, Vazquez, John C. <JCVazquez@venable.com>, Nelson, Allison C. <ACNelson@venable.com>
**Subject:** RE: Gonzalez, et. al. v. 800-Flowers, Inc. - No. 2:24-cv-08894-SJB-JMW

Dear Elliot:

What is the pending discovery dispute that you believe requires thirty days to navigate when no leave to conduct discovery has been granted and no discovery responses are pending? And, what do you propose to tell the judge when requesting the extension? We do not have our

client's position but we are wondering how the judge might react to this given the foregoing, and our client will want to understand what you propose telling the judge if our client agrees to an extension.

Ari

Ari N. Rothman, Esq. | Venable LLP
Phone +1 818.925.6114
600 Massachusetts Avenue, NW, Washington, DC 20001
ANRothman@Venable.com | www.venable.com/professionals/r/ari-n-rothman

---

**From:** Elliot Jackson <ejackson@hedinllp.com>
**Sent:** Tuesday, October 7, 2025 11:16
**To:** Rothman, Ari N. <ANRothman@Venable.com>
**Cc:** Frank Hedin <fhedin@hedinllp.com>; Mano, Lea C. <LCMano@Venable.com>; Vazquez, John C. <JCVazquez@Venable.com>; Nelson, Allison C. <ACNelson@Venable.com>
**Subject:** Re: Gonzalez, et. al. v. 800-Flowers, Inc. - No. 2:24-cv-08894-SJB-JMW

**Caution: External Email**

Good morning, Ari.

As we navigate this discovery dispute, will your client consent to a 30-day extension of our time for the Plaintiffs to serve their response to the motion to compel arbitration?

Elliot O. Jackson

**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8801


On Thu, Sep 25, 2025 at 11:53 AM Rothman, Ari N. <ANRothman@venable.com> wrote:
> Dear Frank:
>
> If you can narrow and clarify your request, and agree that responding to it will not operate as waiver by our client of any right it is pursuing to arbitrate, then our client will consider responding. To guide that discussion, what are your clients disputing, and what information do they need to respond to the motion that we did not already provide below? Are they contesting that they made the purchases described in the declaration? Will they accept information extracted from a database that contains the information they seek (as narrowed by your follow-up email) if our client agrees to provide it?
>
> Otherwise, our client objects to the request because: (1) it seeks information that is not

relevant to arbitration; (2) producing discovery unrelated to arbitration would be inconsistent with our client's demand to arbitrate and could cause a waiver; (3) it is unduly burdensome given that multiple company personnel would need to devote more time than they already have to these proceedings for no benefit; (4) producing records "in the original native format they are kept in your client's system" would require producing the system when alternative means are available depending in the specific information your clients need.

Ari

Ari N. Rothman, Esq. | Venable LLP
Phone +1 818.925.6114
600 Massachusetts Avenue, NW, Washington, DC 20001
ANRothman@Venable.com | www.venable.com/professionals/r/ari-n-rothman

---

**From:** Frank Hedin <fhedin@hedinllp.com>
**Sent:** Monday, September 22, 2025 20:44
**To:** Rothman, Ari N. <ANRothman@Venable.com>
**Cc:** Mano, Lea C. <LCMano@Venable.com>; ejackson@hedinllp.com; Vazquez, John C. <JCVazquez@Venable.com>; Nelson, Allison C. <ACNelson@Venable.com>
**Subject:** Re: Gonzalez, et. al. v. 800-Flowers, Inc. - No. 2:24-cv-08894-SJB-JMW

**Caution: External Email**

Ari,

What is your client's objection to simply producing whatever electronic records it maintains pertaining to the plaintiffs and their purchases, in the original native format they are kept in your client's system? Your client's representatives referenced these records in providing their declarations, and it's only fair that plaintiffs have them as well before responding. Again, these records pertain only to the named plaintiffs and their purchases so it's difficult to understand what the issue is here.

Frank

Sent from my iPhone

> On Sep 22, 2025, at 7:08 PM, Rothman, Ari N. <ANRothman@venable.com> wrote:
>
> Dear Frank:
>
> Our client disagrees that you need the requested information to respond to the

motion. Either your clients have specific information refuting the facts set forth in the motion or they do not. And, Brundage must have identified and preserved evidence concerning at least her post-lawsuit purchases so you can obtain whatever you need about those purchases from her.

Nonetheless, as to (2), one of the screenshots self-identifies that it was taken on January 13, 2023. As to the others, the Harry & David screenshot is dated 3/31/2020; the Cheryl's screenshot is dated 9/9/25, and the Personalization Mall screenshot is dated 9/10/25.

As to (1), would you please specify what records exactly your clients need and why? Or what facts they are disputing for which they require validation? All of the records concerning your clients is overbroad and vague given the narrow issue of when and how they agreed to arbitrate. Our client is willing to consider reasonable requests for specific information.

Thanks,

Ari

Ari N. Rothman, Esq. | Venable LLP
Phone +1 818.925.6114
600 Massachusetts Avenue, NW, Washington, DC 20001
ANRothman@Venable.com | www.venable.com/professionals/r/ari-n-rothman

**From:** Frank Hedin <fhedin@hedinllp.com>
**Sent:** Friday, September 19, 2025 16:26
**To:** Mano, Lea C. <LCMano@Venable.com>; ejackson@hedinllp.com
**Cc:** Rothman, Ari N. <ANRothman@Venable.com>; Vazquez, John C. <JCVazquez@Venable.com>; Nelson, Allison C. <ACNelson@Venable.com>
**Subject:** Re: Gonzalez, et. al. v. 800-Flowers, Inc. - No. 2:24-cv-08894-SJB-JMW

**Caution: External Email**

Ari and Lea:

Can you please provide us complete copies of: (1) all electronic "records stored in the regular course of business" by your client "regarding plaintiffs Anna Garr and Tiffany Brundage"; and (2) records sufficient to show the dates on which each of the screenshots shown in the declarations in support of the motion to compel arbitration were generated. We require these materials in order to adequately respond in opposition to the motion. Thank you.
Best regards,

Frank S. Hedin

1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8801

**From:** Mano, Lea C. <LCMano@Venable.com>
**Date:** Monday, September 15, 2025 at 7:08 PM
**To:** Frank Hedin <fhedin@hedinllp.com>, ejackson@hedinllp.com <ejackson@hedinllp.com>
**Cc:** Rothman, Ari N. <ANRothman@Venable.com>, Vazquez, John C. <JCVazquez@Venable.com>, Nelson, Allison C. <ACNelson@Venable.com>
**Subject:** Gonzalez, et. al. v. 800-Flowers, Inc. - No. 2:24-cv-08894-SJB-JMW

Dear Frank and Elliot:

Pursuant to Judge Bulsara's Individual Practices, Section VI.D., attached please find: 800-Flowers, Inc's Notice of Motion to Compel Arbitration; the accompanying Memorandum of Law; and the Declarations of Jay Sweeney and Kathleen Castellanos along with the exhibits annexed thereto.

Thank you,
Lea

Léa C. Mano, Esq. | Venable LLP
t 202.344.4111 | f 202.344.8300 | m 917.971.3223
600 Massachusetts Avenue, NW, Washington, DC 20001

LCMano@Venable.com | www.Venable.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This electronic mail transmission may contain
confidential or privileged information. If
you believe you have received this message in error,
please notify the sender by reply
transmission and delete the message without copying
or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*