

1395 Brickell Avenue, Suite 610　　　　　　　　　　　　　　　　　　　　　　　　　　　**Elliot O. Jackson**
Miami, Florida 33131-3353　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(305) 357-2107
www.hedinllp.com　　　　　　　　　　　　　　　　　　　　　　　　　　　　　ejackson@hedinllp.com

October 17, 2025

Hon. Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re:** *Brundage et al. v. 800-Flowers, Inc.*, **No. 24-cv-08894- SJB-JMW — Plaintiffs' Letter Motion Regarding Discovery**

Dear Judge Bulsara:

On behalf of Plaintiffs Tiffany Brundage and Anna Garr, I write this letter motion concerning the discovery requests served on October 13, 2025, to confirm Plaintiffs were authorized to do so, or in the alternative, to seek leave *nunc pro tunc* to conduct discovery on the narrow issue of contract formation.

On August 21, 2025, the Court rescheduled the preliminary pretrial conference from August 27, 2025 to December 17, 2025 at 10:00AM. In that same order, the Court advised the Parties that to the extent the parties seek a stay of discovery pending the motion to compel arbitration, the parties should consult the undersigned's Individual Practice Rules regarding filing the motion to stay. Neither Plaintiffs nor Defendant moved for a stay of discovery.

On September 15, 2025, Defendant served Plaintiffs with its motion to compel arbitration, arguing that Plaintiffs entered into a contract with an arbitration clause in two ways: by their initial use of Defendant's websites or by later uses of its websites that included arbitration provisions. Defendant's motion relies on declarations from its employees, screenshots (some dated and others undated) of its websites, and renderings of its websites in its pursuit of arbitration.

After reviewing the Motion, it became apparent to Plaintiffs that they cannot adequately respond to the Motion without first obtaining discovery on the issue of contract formation— electronic records in Defendant's possession concerning Plaintiffs' interactions on Defendant's e-commerce platform and their purchases of Defendant's products on that platform. These records are repeatedly referenced by, but are not attached to, the declarations submitted by Defendant in support of its Motion.

On October 13, 2025, Plaintiffs filed a letter motion for an extension of time to respond to Defendant's motion to compel arbitration. (DE. 22.) That same day, and based on the Court's Order dated August 21, 2025, and absence of an order staying discovery—Plaintiffs served their first set of limited discovery requests aimed at the narrow issue of contract formation. A true and accurate copy of Plaintiffs' First Set of Requests for Production is attached hereto as **Exhibit A**. Defendant responded on October 15, 2025, largely relying on Rule 16.[1] (DE 23.) On October 16, 2025, the Court granted Plaintiffs' motion in part, without discussing discovery.

Therefore, Plaintiffs respectfully submit this letter motion to request that this Court confirm Plaintiffs were authorized to issue the limited discovery already served, or in the alternative, grant Plaintiffs leave to conduct limited discovery *nunc pro tunc* in advance of the preliminary pretrial conference on three categories of narrowly-focused information to ascertain whether a contract was actually formed:

> (1) All Documents, Communications, and ESI concerning Plaintiffs, in original native format; (2) All Documents, Communications, and ESI concerning when the screenshots shown in the declarations submitted in support of the motion to compel arbitration were taken, the Persons who took them, and where they were located by the declarants who included them in their declarations; and (3) All screenshots or other visual depictions of the checkout processes (or "order flows") in use on Your websites on the dates on which You contend Plaintiffs placed orders on those websites (including screenshots or other depictions reflecting the way in which such checkout processes were displayed to persons using mobile devices, desktop or laptop devices, or otherwise, including those who selected PayPal as a payment method).

Courts in this Circuit are clear that litigants are entitled to discovery on the issue of contract formation in advance of a ruling on a motion to compel arbitration. *See Pennacchio v. Powers*, No. 05 CV 985 RRM RML, 2010 WL 3767141, at *8 (E.D.N.Y. Aug. 9, 2010) (recommending "that the parties proceed to engage in discovery on the issue of contract formation"), *report and recommendation adopted*, No. 05-CV-0985 RRM RML, 2010 WL 3744052 (E.D.N.Y. Sept. 20, 2010); *Segui v. Solar Mosaic, LLC*, ---F.Supp.3d----, No. 24 CIV. 968 (ER), 2025 WL 2776059, at *9 (S.D.N.Y. Sept. 29, 2025). This case is no different. To mount a proper defense to the motion to compel arbitration, Plaintiffs must be able to review all records that Defendant relies on in support of its motion to determine whether a contract was formed at any point between the Parties. *See e.g., Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 104 (2d Cir. 2022) (reversing a district court's grant of a motion to compel arbitration because "the district court should have required further evidence or proceeded to trial on that issue" and surveying cases where the Circuit remanded cases with

---

[1] Rule 16 does not apply because Court's Order "was not the type of 'scheduling order setting deadlines for subsequent proceedings in the case, including joinder of parties and amendments to the pleadings' that is governed by Rule 16(b)." *See Kramer v. Bessent*, No. 2:21-CV-3295 (NJC) (ST), 2025 WL 2576482, at *33 (E.D.N.Y. Sept. 4, 2025).



1395 Brickell Avenue • Suite 610
Miami, Florida 33131-3353
(305) 357-2107 • www.hedinllp.com

insufficient records and affirmed cases where the record was developed); *Air-Con, Inc. v. Daikin Applied Latin Am., LLC*, 21 F.4th 168, 175 (1st Cir. 2021) ("Although a party may seek limited discovery to support or oppose a motion to compel arbitration, the discovery -- like the trial -- must be 'targeted' to the 'disputed contract-formation questions.'") (citation modified); *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013); *Deputy v. Lehman Bros.*, 345 F.3d 494, 503 (7th Cir. 2003).

        Respectfully Submitted,

        **HEDIN LLP**

        *Elliot O. Jackson* (signature)
        Elliot O. Jackson

        *Counsel for Plaintiffs and the Putative Class*

## WORD COUNT CERTIFICATION

I hereby certify, pursuant to the Court's Individual Practices and Local Civil Rule 7.1, that this Letter Motion contains 892 words and complies with the word limit articulated in the Court's Individual Practices and Local Civil Rule 7.1.

        */s/ Elliot O. Jackson*

## PRE-MOTION MEET AND CONFER CERTIFICATION

I hereby certify that, prior to the filing of this Letter Motion, I conferred with Defense counsel in an attempt to resolve the issues raised in this motion. Defense counsel indicated that it would oppose this Letter Motion.

        */s/ Elliot O. Jackson*



**HEDIN** LLP
1395 Brickell Avenue • Suite 610
Miami, Florida 33131-3353
(305) 357-2107 • www.hedinllp.com