**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
GUSTAVO GONZALEZ, WILLIAM KANE, *individually*
*and on behalf of all others similarly situated*, TIFFANY
BRUNDAGE, *individually and on behalf of all others*
*similarly situated*, and ANNA GARR, *individually and*
*on behalf of all others similarly situated*,

                       *Plaintiffs*,

            -against-

800-FLOWERS, INC., *doing business as* 1-800-Flowers.com,
Harry & David, Personalization Mall, Shari's Berries,
1-800-Baskets.com, Simply Chocolate, Fruit Bouquets.com,
Cheryl's Cookies, The Popcorn Factory, Wolferman's Bake,

                   *Defendants*.
------------------------------------------------------------X

**FILED**
**CLERK**

**10/27/2025**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
24-cv-08894 (SJB) (JMW)

**WICKS,** Magistrate Judge:

       Gustavo Gonzalez and William Kane commenced this action on December 30, 2024

against Defendant 800-Flowers ("Defendant") for Defendant's alleged violations of N.Y. Gen.

Bus. Law § 349 and § 527 for rendering unlawful and automatic charges on Plaintiffs' accounts

for service membership renewals. (*See generally* ECF Nos. 1, 6.) Lead Plaintiffs[1] Tiffany

Brundage and Anna Garr (collectively, "Plaintiffs") filed a Second Amended Complaint on May

22, 2025, citing similar illegal automatic renewal schemes by Defendant in purported violation

of N.Y. Gen. Bus. Law § 349 and § 527. (*See generally* ECF No. 14.) On September 15, 2025,

Defendant served a motion to compel arbitration against Plaintiffs (*see* ECF No. 21) with the

---

[1] By way of the Second Amended Complaint filed by Tiffany Brundage and Anna Garr on May 22, 2025
(ECF No. 14), the Original Plaintiff were terminated from this action, leaving Brundage and Garr as the
lead Plaintiffs.

motion to be fully submitted as of November 11, 2025 (*see* Electronic Order dated October 16, 2025).

The parties are before the Court on Plaintiffs' motion requesting that the Court either confirm Plaintiffs were authorized to serve the discovery requests that Plaintiffs already served upon Defendant on October 13, 2025, or, alternatively, "to seek leave *nunc pro tunc* to conduct discovery on the narrow issue of contract formation" in anticipation of their response to the motion to compel arbitration. (*See* ECF No. 24.) Defendant opposed on October 21, 2025. (*See* ECF No. 25.) For the following reasons, Plaintiffs' motion (ECF No. 24) is **DENIED**.

A. **Plaintiffs Were Not Authorized to Serve the Discovery Requests**

Federal Rule of Civil Procedure 26(d)(1) states "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Discovery requests made prior to a Rule 26(f) conference have no legal force. *See Fecteau v. City of Mount Vernon*, No. 23 CIV. 09173, 2025 WL 754043, at *3 (S.D.N.Y. Mar. 10, 2025); *see also Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16CV1318 (GBD)(BCM), 2017 WL 953921, at *2 (S.D.N.Y. Mar. 7, 2017).

Here, no discovery schedule was entered by this Court, nor have the parties ever appeared for an Initial Conference. (*See* Electronic Orders dated March 21, 2025, June 4, 2025, August 21, 2025.) The Initial Conference is scheduled for December 17, 2025 with the parties' requirement to submit their Rule 26(f) discovery schedule set for December 10, 2025. (*See* Electronic Order dated August 21, 2025.) Though Plaintiffs aver that neither party has moved for a formal stay of discovery (*see* ECF No. 24 at p. 1), the discovery period to allow for exchange of demands in this action has never even commenced.

Moreover, correspondence between the parties demonstrates that they were "on board with the idea that full blown discovery should not commence until after any motion to compel arb[itration] is resolved." (ECF No. 25-1 at p. 2.) So too, the parties agreed to defer appearing at an initial conference until after the motion to compel arbitration is decided. (*See id.* at pp. 2-3.) Plaintiffs have cited no stipulation between the parties or court order which would permit the otherwise unauthorized discovery.  Accordingly, Plaintiffs' request to "confirm Plaintiffs were authorized" to serve their identified discovery is denied.

### B.  Leave to Conduct Discovery is Denied

The so-called "limited discovery" Plaintiffs seek to conduct is a far cry from what Plaintiffs characterize as "narrowly focused-information to ascertain whether a contract was actually formed." (*See* ECF No. 24 at p. 2.) These requests[2] include "All Documents, Communications, and ESI concerning Plaintiffs" and "All screenshots or other visual depictions of the checkout processes" used on Defendant's websites. (*See id.*) This requested discovery not only vastly exceeds the scope of contract formation but is also overbroad when compared to the needs of this case.

Furthermore, should the Court permit this discovery, the time within which Defendant is required to respond runs contrary to Plaintiffs' purpose of obtaining the requested discovery. Indeed, Plaintiffs sent the discovery requests to Defendant on October 13, 2025. (*See* ECF No.

---

[2] Plaintiffs specifically seek: (1) All Documents, Communications, and ESI concerning Plaintiffs, in original native format; (2) All Documents, Communications, and ESI concerning when the screenshots shown in the declarations submitted in support of the motion to compel arbitration were taken, the Persons who took them, and where they were located by the declarants who included them in their declarations; and (3) All screenshots or other visual depictions of the checkout processes (or "order flows") in use on Your websites on the dates on which You contend Plaintiffs placed orders on those websites (including screenshots or other depictions reflecting the way in which such checkout processes were displayed to persons using mobile devices, desktop or laptop devices, or otherwise, including those who selected PayPal as a payment method). (ECF No. 24 at p. 2.)

22 at p. 2 ("Earlier today, Plaintiffs served written discovery requests to Defendant, seeking the electronic records in its possession concerning Plaintiffs' interactions and purchases on its platform."). Rule 34(b)(2)(A) is clear that "[t]he party whom the request is directed must respond in writing within 30 days after being served" unless the parties stipulate to a longer respond time or there is an order by the court.  As such, given the absence of a stipulation or court order, Defendant's response would be due November 12, 2025. Plaintiffs' opposition to the motion to compel arbitration, however, is October 29, 2025. (*See* Electronic Order dated October 16, 2025.) Obtaining Defendant's responses, therefore, is all for naught.

Lastly, Plaintiffs neglect to explain why they waited until October 17, 2025 to serve the current motion for discovery when Defendant served its motion to compel arbitration back on September 15, 2025. A one-month delay before taking any action undermines Plaintiffs' argument that "[a]fter reviewing [Defendant's] Motion, it became apparent" they needed the discovery on contract formation. (*See* ECF No. 24 at p. 1.)

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion (ECF No. 24) requesting that the Court either confirm Plaintiffs were authorized to serve the discovery requests Plaintiffs served upon Defendant on October 13, 2025, or, alternatively, to seek leave *nunc pro tunc* to conduct discovery on the narrow issue of contract formation in anticipation of the motion to compel arbitration is **DENIED**.

Dated: Central Islip, New York
          October 27, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge