**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GUSTAVO GONZALEZ and WILLIAM KANE,

Plaintiffs,

v.

800-FLOWERS, INC., D/B/A 1-800 FLOWERS.COM, HARRY & DAVID, PERSONALIZATION MALL, SHARI'S BERRIES, 1-800-BASKETS.COM, SIMPLY CHOCOLATE, FRUIT BOUQUETS.COM, CHERYL'S COOKIES, THE POPCORN FACTORY, WOLFERMAN'S BAKERY, and VITAL CHOICE,

Defendant.

Case No. 2:24-cv-08894-SJB-JMW

**DEFENDANT 800-FLOWERS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION, OR ALTERNATIVELY, TO STRIKE CLASS CLAIMS**

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. PLAINTIFFS FAILED TO CREATE A GENUINE ISSUE OF MATERIAL FACT REFUTING THAT THEY AGREED TO ARBITATE ........ 2

A. Plaintiffs' Omissions, Mere Denials, and Immaterial Facts Do Not Create a Genuine Dispute of Fact ........ 3

B. Plaintiffs' Attempts to Discredit and Mischaracterize 800-Flowers' Evidence Do Not Create a Genuine Dispute of Fact ........ 5

III. 800-FLOWERS' TERMS ARE CLEAR AND CONSPICUOUS ........ 8

IV. 800-FLOWERS' TERMS ARE ENFORCEABLE AND ENCOMPASS PLAINTIFFS' CLAIMS ........ 17

V. PLAINTIFFS ARE NOT ENTITLED TO DISCOVERY ........ 19

VI. CONCLUSION ........ 19

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applebaum v. Lyft, Inc.*,
263 F. Supp. 3d 454 (S.D.N.Y. 2017) .......... 10, 11

*Benson v. Double Down Interactive, LLC*,
798 F. App'x 117 (9th Cir. 2020) .......... 12

*Berger v. JetBlue Airways Corp.*,
No. 22-CV-7374 (AMD) (TAM), 2024 WL 4107243 (E.D.N.Y. Sept. 6, 2024) .......... 7

*Berkson v. Gogo LLC*,
97 F. Supp. 3d 359 (E.D.N.Y. 2015) .......... 9

*Borukh v. Experian Info. Sols., Inc.*,
No. 24-CV-6022-NRM-JRC, 2025 WL 1220042 (E.D.N.Y. Apr. 28, 2025) .......... 6

*Carruth v. KD Creatives, Inc.*,
2025 WL 2623291 (E.D. Cal. Sept. 11, 2025) .......... 12

*Coenen v. R.W. Pressprich & Co.*,
453 F.2d 1209 (2d Cir. 1972) .......... 18

*Davitashvili v. Grubhub Inc.*,
131 F.4th 109 (2d Cir. May 26, 2023) .......... 17

*Faroque v. Park W. Exec. Servs.*,
No. 15CV6868DLICLP, 2017 WL 1214482 (E.D.N.Y. Mar. 31, 2017) .......... 17

*Fisher v. Sutton Place/Pinnacle A.M.S.*,
No. 1:07-CV-1537-DFH-WTL, 2008 WL 2095417 (S.D. Ind. May 16, 2008) .......... 9

*Gaker v. Citizens Disability, LLC*,
654 F. Supp. 3d 66 (D. Mass. 2023) .......... 9

*Godun v. JustAnswer LLC*,
135 F.4th 699 (9th Cir. 2025) .......... 13

*Hines v. Overstock.com, Inc.*,
668 F. Supp. 2d 362 (E.D.N.Y. 2009) .......... 10

*Holick v. Cellular Sales of New York, LLC*,
802 F.3d 391 (2d Cir. 2015) .......... 18

*In re Zappos.com, Inc.*,
893 F. Supp. 2d 1058 (D. Nev. 2012) .......... 10

*Litton Fin. Printing Div. v. NLRB*,
501 U.S. 190 (1991) .......... 18

*Meyer v. Uber Techs., Inc.*,
868 F.3d 66 (2d Cir. 2017) .......... 17

*Newman v. SL Green Realty Corp.*,
No. 24-CV-00335 (MM), 2025 WL 1797043 (S.D.N.Y. June 26, 2025) .......... 3, 4, 6, 8

*Nicosia v. Amazon.com, Inc.*,
834 F.3d 220 (2d Cir. 2016) .......... 2, 8

*Oppenheimer & Co. v. Neidhart*,
56 F.3d 352 (2d. Cir. 1995) .......... 1, 2, 3, 4

*Powell v. Nat'l Bd. of Medical Examiners*,
364 F.3d 79 (2d Cir. 2004) .......... 4

*Rocha v. Urban Outfitters, Inc.*,
No. 23-CV-00542-AMO, 2024 WL 393486 (N.D. Cal. Feb. 1, 2024) .......... 8

*Schnabel v. Trilegiant Corp.*,
697 F.3d 110 (2d Cir. 2012) .......... 9

*Sgouros v. TransUnion Corp.*,
No. 14-C-1850, 2015 WL 507584 (N.D. Ill. Feb. 5, 2015) .......... 10

*Specht v. Netscape Communications Corp.*,
306 F.3d 17 (2d Cir. 2002) .......... 9

*Starke v. SquareTrade, Inc.*,
913 F.3d 279 (2d Cir. 2019) .......... 9

*Sullivan v. All Web Leads, Inc.*,
No. 17-C-1307, 2017 WL 2378079 (N.D. Ill. June 1, 2017) .......... 10

*Teta v. Go New York Tours, Inc.*,
738 F. Supp. 3d 502 (S.D.N.Y. 2024) .......... 3

*Thorne v. Square, Inc.*,
No. 20CV5119NGGTAM, 2022 WL 542383, (E.D.N.Y. Feb. 23, 2022) .............................. 6, 7

*Treinish v. iFit Inc.*,
No. CV-22-4687-DMG (SKX), 2023 WL 2230431 (C.D. Cal. Feb. 2, 2023).......................... 10

*Vasell v. SeatGeek, Inc.*,
No. 24-CV-00932 (NCM) (JRC), 2025 WL 240912 (E.D.N.Y. Jan. 17, 2025) ....................... 19

*Vincent v. Nat'l Debt Relief LLC*,
2024 WL 3344227 (S.D.N.Y. July 8, 2024)................................................................... 10

*Wilson v. Redbox Automated Retail, LLC*,
448 F. Supp. 3d 873 (N.D. Ill. 2020).......................................................................... 8

*Zachman v. Hudson Valley Fed. Credit Union*,
49 F.4th 95 (2d Cir. 2022) .......................................................................................... 2

## I. INTRODUCTION

Plaintiffs Tiffany Brundage and Anna Garr failed to meet their burden to produce affirmative evidence refuting that the websites on which they made various purchases clearly and conspicuously disclosed the terms containing binding arbitration agreements or that they agreed to arbitrate.

Brundage completely failed to even mention much less rebut the two purchases she made on non-personalizationmall.com websites that involved a PayPal checkout screen where (1) the hyperlinked terms appeared above the button she clicked to consent to arbitration and (2) that aligned with the circumstances under which courts have found website users agreed to arbitrate. She could have easily described what she saw during those purchases, and the other six non-personalizationmall.com purchases she made, if they truly differed from the screenshots 800-Flowers provided, and her failure to do so shows she cannot disprove she saw exactly what 800-Flowers demonstrated she saw.

Additionally, Brundage knew that she agreed to arbitrate because she continued to make purchases *after* 800-Flowers told her counsel in this case that her prior purchases bound her to arbitration and that 800-Flowers would move to compel arbitration. She thus had actual notice that the future purchases she ended up making would bind her to arbitration. Indeed, she admits she "regularly used [her] Celebrations Passport benefits to purchase goods from Defendant's websites," and the undisputed facts show she continued to agree to arbitrate by making those purchases.

Likewise, Garr's mere statement that "I do not recall experiencing Defendant's website in the manner reflected by the images in [Sweeney's] declaration" is insufficient and dispositive, as the caselaw holds that mere denials are insufficient to create a genuine fact. *Oppenheimer & Co. v. Neidhart*, 56 F.3d 352, 358 (2d. Cir. 1995).

Unable to muster any evidence refuting the facts, plaintiffs attack 800-Flowers' declarations by ignoring what they say and what they show, and rely on wildly inapposite caselaw. Doing so failed to refute that plaintiffs agreed to arbitrate, as did their attempt to squeeze the 800-Flowers websites into the cases finding that no arbitration agreement existed. Simply comparing the screens plaintiffs encountered to the screens in cases where courts found consent to arbitrate lacking shows that the screens presented to plaintiffs here bear no resemblance to those in the cases cited by plaintiffs. Rather, the 800-Flowers screens fall squarely into the cases finding plaintiffs assented to arbitration.

Finally, the arbitration agreements to which plaintiffs agreed are not time limited, and nothing in them prevents this Court from enforcing them despite plaintiffs' contrary arguments. Nor have plaintiffs established any right to discovery.

Accordingly, the Court should compel plaintiffs to arbitrate and stay the proceedings, or strike the class allegations.

## II. PLAINTIFFS FAILED TO CREATE A GENUINE ISSUE OF MATERIAL FACT REFUTING THAT THEY AGREED TO ARBITATE

Plaintiffs agree that courts apply a standard similar to that applicable at summary judgment when deciding motions to compel arbitration. (Opp. at 6 (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016).) Thus, once 800-Flowers produced declarations and screenshots establishing assent to the terms containing arbitration provisions and that plaintiffs' claims fall within the applicable arbitration provisions, the burden shifted to plaintiffs to show otherwise by submitting "evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer*, 56 F.3d at 358; *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 102 (2d Cir. 2022). They failed to do so.

### A. Plaintiffs' Omissions, Mere Denials, and Immaterial Facts Do Not Create a Genuine Dispute of Fact

Plaintiff's omissions, mere denials, and immaterial facts failed to create a genuine issue of material fact refuting that they agreed to arbitrate.

In *Newman v. SL Green Realty Corporation*, the court found that plaintiffs' contention in their affidavits that "they d[o] not recall […] seeing or clicking on a button box at checkout" was a "general denial" of assent to the website's terms, which was "insufficient to undermine [d]efendants' *prima facie* showing that the [terms] are valid and enforceable arbitration agreements." No. 24-CV-00335 (MM), 2025 WL 1797043, at *8 (S.D.N.Y. June 26, 2025). The same applies to plaintiffs' general denials here. *Oppenheimer*, 56 F.3d at 358; *Teta v. Go New York Tours, Inc.*, 738 F. Supp. 3d 502, 509 (S.D.N.Y. 2024) ("no genuine dispute" that the arbitration provisions at issue were binding given plaintiffs' "insinuation that they never agreed to the terms [was] without factual basis").

Here, Garr's only response to the evidence set forth in Sweeney's declaration is "I do not recall experiencing Defendant's website in the manner reflected by the images in [Sweeney's] declaration." (Garr Decl. ¶ 6.) Garr does not even try to describe what she saw, or that the webpages she encountered clearly and conspicuously disclosed the terms containing the arbitration provisions.

Likewise, Brundage completely failed to even mention the eight purchases she made on non-personalizationmall.com websites much less rebut that at least two of those purchases involved a PayPal checkout screen where the hyperlinked terms appeared above the PayPal button she clicked to consent to arbitration. Her failure is especially dispositive because she admits she "regularly used [her] Celebrations Passport benefits to purchase goods from Defendant's websites," continued to agree to arbitrate by making a purchase via PayPal on May 31, 2025, *after*

she sued 800-Flowers here (Docket Entry ("DE") 14), and could have easily described what she saw during those purchases if they truly differed from the screenshots 800-Flowers provided. Her failure to rebut the PayPal purchases means she cannot disprove she saw exactly what Jay Sweeney demonstrated she saw in paragraph 16 of his declaration. *Oppenheimer*, 56 F.3d at 358.

Brundage's efforts to rebut material facts with immaterial ones also fail to create a genuine issue of material fact. *Powell v. Nat'l Bd. of Medical Examiners*, 364 F.3d 79, 84 (2d Cir. 2004). As to the purchases she does describe, Brundage denies scrolling past the checkout button or being instructed to do so when making purchases on personalizationmall.com on twelve separate occasions – including two she placed *after* filing her complaint in this action and *after* 800-Flowers filed its pre-letter motion stating its intent to file a motion to compel arbitration (DE 16). (Castellanos Decl. ¶ 5; Brundage Decl. ¶ 5.) Setting aside how improbable it is that on each of those twelve occasions Brundage's scrolling stopped at the exact pixel that would show the checkout button but somehow exclude the plainly visible hyperlinked Terms of Use immediately below it, Brundage's idiosyncratic scrolling habits are irrelevant under *Davitashvili* and *Meyer*, which held that hyperlinked terms immediately under a checkout button like the ones Brundage experienced here were conspicuous and sufficient to provide notice. Brundage's denial of seeing the hyperlink is irrelevant for this reason, and because she agreed to arbitrate when making the separate PayPal purchases described in Jay Sweeney's declaration.

"At bottom, [p]laintiffs do not meaningfully or plausibly dispute that they were required to click the button box, thereby assenting to the [800-Flowers Terms of Use], before they could complete their purchases, and have not submitted any evidentiary facts showing that there is a triable dispute of fact as to the existence of an arbitration agreement." *Newman*, 2025 WL 1797043, at *7.

### B. Plaintiffs' Attempts to Discredit and Mischaracterize 800-Flowers' Evidence Do Not Create a Genuine Dispute of Fact

Plaintiffs' attempts to undermine the Sweeney and Castellanos declarations, and the screenshots therein, fail for additional reasons. For example, plaintiffs' contention that, as to Brundage's purchases, 800-Flowers "has provided no evidence that the TOU linked within the PayPal boxes are consistent with and redirected Plaintiffs to the TOU from Defendant's websites during the relevant period" is wrong. (Opp. at 12.) The very screen that plaintiffs cite (depicted below) contains a blue underlined "Terms of Use" hyperlink:



And, Sweeney's declaration establishes that the hyperlink linked terms that contained an arbitration provision when Brundage made her purchase on May 2, 2024 (Exhibit C to his declaration) and when she made another purchase on May 31, 2025 (Exhibit D to his declaration).

Further, both declarations establish specific timeframes to which each screenshot corresponds (Sweeney Decl. ¶¶ 6, 10; Castellanos Decl. ¶ 5), and one such screenshot even includes the date it was taken (Motion at 9; Sweeney Decl. ¶¶ 10–11). And, without any obligation to do so, 800-Flowers provided plaintiffs the dates on which each screenshot was generated. (DE 23-1 at 5.)

The declarations also identify Sweeney (Senior Vice President of IT Operations for the 1-800-Flowers.com family of brands) – and Castellanos (UI/UX Manager for the personalizationmall.com website) – as responsible for and familiar with the company's websites, enrollment flows, and electronic records; and that they searched or caused searches for plaintiffs' transactions and pulling of screenshots of the pages presented to plaintiffs. (Sweeney Decl. ¶¶ 1–2; Castellanos Decl. ¶¶ 1–2.) Doing so established they made their declarations based on personal knowledge, provided facts that would be admissible in evidence, and demonstrated their competence. *Borukh v. Experian Info. Sols., Inc.*, No. 24-CV-6022-NRM-JRC, 2025 WL 1220042, at *5–6 (E.D.N.Y. Apr. 28, 2025) ("Based on Smith's familiarity with the facts set forth in his declaration in connection with his duties at CreditWorks, including the process by which plaintiff enrolled in CreditWorks, he is competent to testify about his review of the relevant documents." (collecting cases)); *Newman*, 2025 WL 1797043, at *7 (same).

*Thorne v. Square, Inc.*, No. 20CV5119NGGTAM, 2022 WL 542383, (E.D.N.Y. Feb. 23, 2022), cited by plaintiffs, supports finding that 800-Flowers established the admissibility of the evidence provided through the declarations. There, the court accepted screenshots and

declarations from defendant's engineers and compelled arbitration. *Id.* at *1. Far from rejecting these screenshots as plaintiffs contend, *Thorne* confirms that authenticated interfaces like the ones 800-Flowers introduced here are sufficient. *Id.*

Aside from *Thorne*, plaintiffs rely on cases outside of the arbitration context or with vastly different fact patterns. They cite FOIA cases – *Katzman v. C.I.A.* and *The Few, the Proud, the Forgotten v. United States Department of Veterans Affairs* – which address the sufficiency of federal agency search affidavits, not authentication of private business records concerning arbitration; and to *Rotman v. Progressive Ins. Co.*, *Bologna v. Wilson*, and *Mirror Worlds Techs., LLC v. Facebook, Inc.*, which are expert-exclusion decisions turning on *Daubert* factors. (Opp. at 11.) *RDK NY Inc. v. City of New York* and *Torres v. Universal Music Grp. N.V.* do not involve motions to compel arbitration either. (Id.) And, the arbitration cases cited by plaintiffs are misplaced, as *Opals on Ice Lingerie* and *Barrows v. Brinker* involved allegations of forged or contested signatures on contracts. (Id.) No such allegations exist here.

Plaintiffs' reliance on *Berger v. JetBlue Airways Corp.*, No. 22-CV-7374 (AMD) (TAM), 2024 WL 4107243 (E.D.N.Y. Sept. 6, 2024) is misplaced too. (Opp. at 11 n. 4.) There, in ruling on a motion to dismiss or to strike class allegations, the court declined to enforce a class action waiver because the defendant relied on the undated screenshots included in the complaint without submitting any affidavit. 2024 WL 4107243, at *3–4. By contrast, 800-Flowers submitted declarations identifying the relevant purchase flows and corresponding terms, tied each screenshot to specific timeframes, and corroborated them with specific transaction data – none of which occurred in *Berger*.

Thus, plaintiffs failed to refute the evidence with any of their own, and their attacks on the evidence 800-Flowers submitted failed to refute the evidence 800-Flowers provided.

## III. 800-FLOWERS' TERMS ARE CLEAR AND CONSPICUOUS

Plaintiffs' attempts to squeeze the screens presented to them into the cases finding arbitration agreements lacking fail. *Nicosia v. Amazon.com, Inc.* involved an unusually cluttered purchase page containing "between fifteen to twenty-five links, various text in at least four font sizes and six colors, multiple buttons and promotional advertisements, and additional clutter related to the customer's information and purchase details," *Newman*, 2025 WL 1797043, at *6; (describing the Amazon interfaces in *Nicosia*), as depicted below:




*Nicosia*, 834 F.3d at 237–38, 241. No such visual clutter or distractions appear on the screens plaintiffs here encountered.

For this reason, plaintiffs' other cases declining to compel arbitration or assent to terms based on visual clutter or subordination are inapposite. *Rocha v. Urban Outfitters, Inc.*, No. 23-CV-00542-AMO, 2024 WL 393486, at *7–8 (N.D. Cal. Feb. 1, 2024) (disclosure visually subordinated to larger, darker headings and sandwiched between prominent interface elements); *Wilson v. Redbox Automated Retail, LLC*, 448 F. Supp. 3d 873, 885–87 (N.D. Ill. 2020) (grey

notice on black background, lacking distinguishing features such as underlining or capitalization); *Gaker v. Citizens Disability, LLC*, 654 F. Supp. 3d 66, 75–76 (D. Mass. 2023) (disclosure buried amid a plethora of clutter).

*Schnabel v. Trilegiant Corp.*, 697 F.3d 110 (2d Cir. 2012), and *Starke v. SquareTrade, Inc.*, 913 F.3d 279 (2d Cir. 2019), are even further afield. In both, consumers received notice of arbitration only *after* completing their transactions via follow-up emails that neither required nor prompted assent to hyperlinked terms. 697 F.3d at 114–16; 913 F.3d at 287–94.

Plaintiffs' other cases are also inapposite:

- *Fisher v. Sutton Place/Pinnacle A.M.S.*, No. 1:07-CV-1537-DFH-WTL, 2008 WL 2095417 (S.D. Ind. May 16, 2008) is not an internet notice case at all.
- In *Berkson v. Gogo LLC*, the arbitration provision was added months after the plaintiff's online purchase so the plaintiff never encountered the arbitration provision. 97 F. Supp. 3d 359, 386–88 (E.D.N.Y. 2015).
- In *Specht v. Netscape Communications Corp.*, the interface did not inform users anywhere that clicking a download button would constitute assent, and the purported terms were not even visible without scrolling past the download screen. 306 F.3d 17, 23–24 (2d Cir. 2002).
- In *Vincent v. Nat'l Debt Relief LLC*, the site had no button for the user to click to agree to arbitration or notice comprising assent to the terms, and users instead had to scroll past multiple slides of promotional content before reaching a footer-style disclosure surrounded by other links, which the court found failed to alert a user that "merely staying on the Website would be

deemed to constitute assent to the Terms of Service." No. 24-CV-440 (LJL), 2024 WL 3344227, at *12 (S.D.N.Y. July 8, 2024).

- The same lack of notice of assent to the terms found in *Vincent* drove the courts in *Nguyen v. Barnes & Noble Inc.*, No. 24-CV-440 (LJL), 2024 WL 3344227 (S.D.N.Y. July 8, 2024); *In re Zappos.com, Inc.*, 893 F. Supp. 2d 1058 (D. Nev. 2012); and *Hines v. Overstock.com, Inc.*, 668 F. Supp. 2d 362 (E.D.N.Y. 2009) to find assent to arbitration lacking.
- *Applebaum v. Lyft, Inc.*, 263 F. Supp. 3d 454 (S.D.N.Y. 2017) and *Sgouros v. TransUnion Corp.*, No. 14-C-1850, 2015 WL 507584 (N.D. Ill. Feb. 5, 2015) involved a checkout button authorizing text messages or using consumer information but not broader contractual terms containing arbitration provisions.
- In *Treinish v. iFit Inc.*, the site failed to disclose that clicking "Apply Now" would bind plaintiff to terms containing an arbitration provision. No. CV-22-4687-DMG (SKX), 2023 WL 2230431, at *4 (C.D. Cal. Feb. 2, 2023).
- *Sullivan v. All Web Leads, Inc.*, No. 17-C-1307, 2017 WL 2378079 (N.D. Ill. June 1, 2017) is also distinguishable because these screens "failed to explicitly advise users of what action would constitute assent":




By clicking "Submit" I provide my signature, expressly authorizing up to eight insurance companies or their agents or partner companies, including GoHealth, to contact me at the number and address provided with insurance quotes or to obtain additional information for such purpose, via live, prerecorded or autodialed calls, text messages or email. I understand that my signature is not a condition of purchasing any property, goods or services and that I may revoke my consent at any time.

*Id.* at 706–13.

- In *Benson v. Double Down Interactive, LLC*, the terms were buried at the bottom of the page and accessible "only after scrolling past multiple screens and images that a user need not view to download the platform":






798 F. App'x 117, 118 (9th Cir. 2020).

- *Carruth v. KD Creatives, Inc.* turned on an undeveloped record where the defendant submitted only a single screenshot and the court found it unclear whether the underlined text below the button was surrounded by larger text or otherwise conspicuous:




No. 2:24-CV-02484-DAD-SCR, 2025 WL 2623291, at *6 (E.D. Cal. Sept. 11, 2025).

- In *Godun v. JustAnswer LLC*, the Ninth Circuit found that none of the screens plaintiffs saw provided inquiry notice as either "the advisal on these pages failed to explicitly advise users of what action would constitute assent to any terms" or was not located directly above or below the button and was visually "buried":




135 F.4th 699, 706-12 (9th Cir. 2025).

By contrast, comparing the screens 800-Flowers provided to the Second Circuit's decisions in *Meyer* and *Davitashvili* where the court found the terms to be conspicuous leaves no doubt that 800-Flowers likewise provided clear, conspicuous notice and obtained assent:

| ***Uber Interface*** | ***Grubhub Mobile Interface*** | ***800-Flowers Mobile Interfaces*** |
|---|---|---|
| *(Meyer v. Uber Technologies, Inc.)* | *(Davitashvili v. Grubhub Inc.)* | |
|  |  |  |


10:15
• Exclusive rewards & perks across our family of brands
Join Passport for $19.99 for your first year.
Auto renews for $29.99/year with your saved payment method until you cancel. See Terms & Conditions
Order Summary
Return to cart
1 Items
Collapse
Merchandise: $49.99
Shipping Charge: $15.99
Total before tax: $65.98
Estimated Taxes: $0.00
Order Total $65.98
When you click on the PayPal button, you are agreeing to the Privacy Notice and Terms of Use.
Order Total: $65.98
PayPal
FEEDBACK
Privacy Notice | Terms of Use |
Cookie Preferences |
Do Not Sell or Share My Personal Information |
Accessibility Statement | Site Map © 2025 1-800-Flowers.com, Inc. - Jericho, NY
cheryls.com


18:27
Pay
5 Order Total:
Merchandise Total: $30.09
Shipping: Free
Taxes: $2.18
Order Total: $32.27
Typically produced within 1-2 business days. Please allow additional 3-5 business days for shipping transit time.
Place Your Order
Contact Us | Return Policy | FAQs
LIVE CHAT
Cookie Preferences | Accessibility Statement
personalizationmall.com

***Grubhub Web-Based Interface***

*(Davitashvili v. Grubhub Inc.)*




***800-Flowers Web-Based Interfaces***






*Meyer*, 868 F.3d at 76; Brief for Defendant-Appellant Grubhub Inc. at 6–8, *Davitashvili v. Grubhub Inc.*, 131 F.4th 109 (2d Cir. May 26, 2023) (No. 23-522, ECF No. 35).

## IV. <u>800-FLOWERS' TERMS ARE ENFORCEABLE AND ENCOMPASS PLAINTIFFS' CLAIMS</u>

Plaintiffs' arguments that the terms containing the arbitration provisions either expired or do not encompass their claims ignores the law and are wrong.

*First*, plaintiffs failed to distinguish *Bassett v. Elec. Arts Inc.*, *Schapp v. MasTec Servs. Co.*, *Vasell v. SeatGeek, Inc.*, and *Ryan, Beck & Co. v. Fakih*, which support compelling arbitration where plaintiffs like Garr and Brundage agreed to arbitration after making purchases about which they complain in litigation (and Garr before purchasing Celebrations Passport too). (Motion at 1, 19–21.)

*Second*, the cases plaintiffs cite do not support invalidating the arbitration agreements. In *Faroque v. Park W. Exec. Servs.*, the defendant sought to enforce an arbitration clause contained in an earlier agreement that had been *expressly terminated and superseded* by a later contract. No. 15CV6868DLICLP, 2017 WL 1214482, at *3–4 (E.D.N.Y. Mar. 31, 2017). None of the terms at issue here do this.

*Third*, in *Holick v. Cellular Sales of New York, LLC*, 802 F.3d 391 (2d Cir. 2015), the Second Circuit declined to extend an arbitration clause to unrelated disputes where parol evidence showed the parties did not intend for the arbitration agreement to reach that far. *Id.* at 393–98. The terms here do not do this either. Plaintiffs' reliance on *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190 (1991) is misplaced for the same reason, as that case involved a collective-bargaining agreement with a specific expiration date, layoffs occurred almost a year after expiration, and the court explained that "an expired contract by its own terms released all its parties from their respective contractual obligations, except obligations already fixed under the contract but as yet unsatisfied." *Id.* at 206–07.

The other employment-expiration cases plaintiffs invoke – *Hinnant*, *Bueche*, *Helenese* – are also inapposite, as they involve contracts with fixed terms where the claims arose only after the employment relationship had ended and where the nature of the claim was unrelated to the expired contract. (Opp. at 22.)

By contrast, the Second Circuit in *Coenen v. R.W. Pressprich & Co.*, 453 F.2d 1209 (2d Cir. 1972), enforced a broad arbitration clause that contained no temporal limitation. The clause applied to "any controversy between members," and the court compelled arbitration even though the claim predated execution because the plaintiff signed with "full knowledge" of his existing claim. *Id.* at 1211–12. The terms here are similarly broad ("any and all claims" arising out of the sale of "any and all products"), and Brundage even continued to use the websites and Celebrations Passport while fully aware of her claims and even this forthcoming motion. (DE 16; Castellanos Decl. ¶¶ 5, 10.)

Plaintiffs also misconstrue the one-year "commencement" provision in 800-Flowers' Terms, which is a limitations period on claims, not a temporal limit on arbitration. (Opp. at 23

(“Any Claim you may have must be commenced within one (1) year after such Claim arises.” (quoting Sweeney Decl., Ex. B)).)

Thus, plaintiffs’ attacks on the terms do not invalidate the arbitration agreements. *Vasell v. SeatGeek, Inc.*, No. 24-CV-00932 (NCM) (JRC), 2025 WL 240912, at *7 (E.D.N.Y. Jan. 17, 2025) (“[T]he Court is bound by Second Circuit precedent, which gives ‘retroactive application to broad arbitration clauses.’” (quotation omitted)).

## V. PLAINTIFFS ARE NOT ENTITLED TO DISCOVERY

Plaintiffs are not entitled to the arbitration discovery they sought for the reasons Magistrate Judge Wicks articulated in his order at DE 26, and nothing has changed since the time Magistrate Judge Wicks entered his order that would require reversing it. The discovery plaintiffs sought was over broad including because it sought “all documents” relating to checkout pages (DE 24), unauthorized, and late, and they failed to attach to their opposition or describe what discovery they needed. Regardless, plaintiffs were not deprived of relevant information: 800-Flowers submitted sworn declarations, transaction data, and screenshots of the checkout flow with its motion, and later voluntarily provided dates for the screenshots and offered to confer regarding any genuinely targeted request. (DE 25.)

## VI. CONCLUSION

For the reasons set forth herein and in 800-Flowers’ Motion to Compel Arbitration, the Court should compel plaintiffs to arbitrate their claims against 800-Flowers and stay this litigation pending the outcome of the arbitrations, or in the alternative, strike plaintiffs’ class claims.

Dated: December 23, 2025

Respectfully submitted,

*Ari N. Rothman*

Ari N. Rothman (*pro hac vice*)
VENABLE LLP
600 Massachusetts Avenue, N.W.

Washington, DC 20001
(202) 344-4220
anrothman@venable.com

John C. Vazquez
VENABLE LLP
151 W 42nd Street
New York, NY 10036
jcvazquez@venable.com
(212) 307-6293

*Attorneys for 800-Flowers, Inc.*

**WORD COUNT CERTIFICATION**

I hereby certify pursuant to Section VI.A. of the Court's Individual Practices for Civil and Criminal Cases that the total number of words in this Reply is 3,483.

*/s/ Lea C. Mano*
Lea C. Mano